**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DALE BUTTICAZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-2483-RWS |
| JPMORGAN CHASE, : | |
| NATIONAL ASSOCIATION, : | |
| MCCURDY & CANDLER LLC, : | |
| ANTHONY DEMARLO, and : | |
| JOHN DOES, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint [2]. After a review of the record, the Court enters the following Order.

## **Background**

Plaintiff initiated this *pro se* civil action on June 23, 2011 in the Superior Court of Gwinnett County, alleging various causes of action arising out of the foreclosure of his mortgage. Defendant timely removed the case to this Court on July 28, 2011. On August 4, 2011, Defendant moved to dismiss the Complaint on grounds that it is an impermissible shotgun pleading that fails to

comply with the pleading requirements of Rules 8, 9(b), and 10 of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Plaintiff did not file a response, and thus Defendant's motion is deemed unopposed.

Although the Complaint [1] is difficult to decipher, it appears– as Defendant surmises–that Plaintiff alleges the following: (1) fraud; (2) conversion; (3) that Defendant lacks an interest in Plaintiff's property because Defendant has not produced the original promissory note; (4) that Defendant funded Plaintiff's loan with "vapor money"; and, possibly, (5) that Defendant has violated Plaintiff's due process rights. Because Plaintiff does not oppose the motion to dismiss, which identifies the above as the only claims raised in the Complaint, the Court proceeds on the basis that the claims listed above are indeed the only claims asserted in the Complaint.

## Discussion

I. **<u>Motion to Dismiss</u>**

Defendant argues that the Complaint constitutes an impermissible shotgun pleading that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted. The typical shotgun pleading is one that "contains several counts,

2

each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions." Osahar v. U.S. Postal Service, 297 F. App'x 863, 864 (11th Cir. 2008). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket . . . ." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted). The Eleventh Circuit thus clearly has established that shotgun pleadings are an unacceptable form of establishing a claim for relief. Strategic Income Fund, 305 F.3d at 1296.

In this case, the Court agrees with Defendant that the Complaint is a shotgun pleading that could be dismissed for failing to meet the pleading

3

requirements of Rules 8(a)[1] and 9(b)[2] of the Federal Rules of Civil Procedure. Because Plaintiff has not alleged which facts, if any, support its various claims for relief, and alleges instead merely legal conclusions, it is difficult for Defendant to meaningfully respond to Plaintiff's assertions.  Generally, the appropriate response to a shotgun complaint is to dismiss it and allow the plaintiff an opportunity to amend to provide greater specificity.  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). In this case, however, and in light of Plaintiff's *pro se* status, the Court will consider the merits of the Complaint rather than dismiss it and require Plaintiff to replead.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); Bell Atl. Corp. v. Twombly, 550 U.S.

---

[1] Rule 8(a) states, "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."

[2] Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

AO 72A
(Rev.8/82)

544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263

5

(11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. Appx. 635, 637 (11th Cir. 2010). The Court considers, in turn, each of the claims raised in the Complaint.

### A. **Fraud**

In support of his fraud claim, Plaintiff appears to allege that Defendant lacks the original promissory note and therefore is not the real party in interest, and thus is committing fraud by attempting to appear before the Court as Plaintiff's creditor and foreclose on Plaintiff's property. Compl., Dkt. [1-1] at 2, 12.

To comply with the Rule 9(b) requirement that fraud be pled "with particularity," Plaintiff must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002). That is, to avoid dismissal, a complaint alleging fraud must plead the "who, what, when,

6

where and how" of the alleged fraud. Mathis v. Velsicol Chemical Corp., 786 F. Supp. 971, 976-77 (N.D. Ga. 1991).

In this case, Plaintiff fails to satisfy the pleading requirements of Rule 9(b). Plaintiff alleges merely bare legal conclusions and has not alleged a single fact regarding the "who, what, when, where and how" of Defendants alleged fraud. Accordingly, any and all claims for fraud are hereby **DISMISSED** for failure to comply with Rule 9(b).

### B. **Conversion**

Plaintiff alleges that Defendant has committed "theft through unlawful conversion" by using "legalese" in the mortgage documents so as to convert Plaintiff's real property by fraud. Compl., Dkt. [1-1] at 4. "In order to establish a claim for conversion, the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Metzger v. Americredit Fin. Servs., Inc., 615 S.E.2d 120, 122 (Ga. Ct. App. 2005). In this case, the Court agrees with Defendant that Plaintiff has not pled the requisite elements of conversion. Plaintiff has alleged only the bare legal conclusion that Defendant, through use of "legalese," has committed "conversion through fraudulent means." Accordingly, Plaintiff's claim for

7

conversion hereby is **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### C. **"Produce the Note" Claim**

Plaintiff alleges that it is impossible for Defendant to be a real party in interest without possession of the Genuine Original Promissory Note, and accordingly demands that Defendant produce a copy of the note. Compl., Dkt. [1-1] at 8. This "produce the note" theory, however, is not available under Georgia law, as Georgia law does not require a lender to produce the original note, even when the lender is taking affirmative action such as commencing foreclosure proceedings. See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note."); Hill v. Saxon Mortgage Servs., Inc., No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note). Accordingly, any and all claims arising out of Defendant's alleged failure to produce the original promissory note hereby are **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

8

### D. **Plaintiff's "Vapor Money" Claim**

Plaintiff also alleges that "Defendant NEVER risked any assets, nor are Defendants holding any assets," and that Defendant only "lent credit in this instant matter." Compl., Dkt. [1-1] at 2, 4. As Defendant surmises, it appears Plaintiff is attempting to assert a claim for relief on the basis that Defendant backed his loan with "vapor money" or "unlawful money." Courts, however, "have uniformly rejected these and similar arguments." Buckley v. Bayrock Mortgage Corp., No. 1:09-CV-1387-TWT, 2010 WL 476673, at *8 (N.D. Ga. Feb. 5, 2010) (citing cases). Indeed, this Court has rejected such arguments as "frivolous." Thomas v. Countrywide Home Loans, No. 2:09-CV-00082-RWS, 2010 WL 1328644, at *1 (N.D. Ga. Mar. 29, 2010). Accordingly, Plaintiff's "vapor money" claim is **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### E. **Plaintiff's Due Process Claim**

Finally, to the extent Plaintiff is attempting to assert a claim for violation of his due process rights (see Compl., Dkt. [1-1] at 6 ("Plaintiff has the Due Process Right protected by, *inter alia*, the Fourteenth Amendment of the federal constitution . . . .")), the Court agrees with Defendants that it must be **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which

9

relief can be granted. Because each of the claims raised in the Complaint fails as a matter of law, and because Plaintiff has failed to allege any other factual predicate for a due process claim, his due process claim likewise fails as a matter of law.

## Conclusion

Based on the forgoing, Defendant's Motion to Dismiss Plaintiff's Complaint [2] is hereby **GRANTED**. The Complaint is accordingly **DISMISSED with prejudice** in its entirety as to Defendant JP Morgan Chase Bank, N.A. The Complaint is also **DISMISSED without prejudice** as to the remaining Defendants for failure to perfect service of process pursuant to Federal Rule of Civil Procedure 4(m). The Clerk is directed to close the case.

**SO ORDERED**, this  15th  day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)